In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-2189

OLD BEN COAL COMPANY,

*Petitioner*,

*v.*

OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and ANNA MELVIN,

*Respondents*.

_____

On Petition to Review an Order of the
Benefits Review Board, U.S. Department of Labor.
No. 94-BLA-1116

_____

ARGUED JANUARY 11, 2007—DECIDED JANUARY 25, 2007

_____

Before BAUER, POSNER, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Robert Melvin first applied for
black lung benefits in 1980. 30 U.S.C. §§ 901-45; 20 C.F.R.
§§ 727.200-.206. After amazingly protracted proceedings
unnecessary to describe, last year the Benefits Review
Board upheld an award to his widow of benefits, *Melvin
v. Old Ben Coal Co.*, BRB No. 04-0506 BLA (Dept. of Labor
July 11, 2005), that a petition for review, in the name of
Old Ben Coal Company, asks us to set aside. In her brief
in response to the petition, Mrs. Melvin asks us to dismiss

the petition on the startling grounds that the purported petitioner, Old Ben Coal Company, neither exists nor is represented by counsel. A corporation cannot litigate in federal court pro se. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

Old Ben did not deign to file a reply brief, so we ordered it to do so. It is now apparent that the case must be dismissed, though not on the precise grounds advanced by Mrs. Melvin: that no lawyer filed an appearance in this court and that Old Ben is deceased. A party's counsel need not file a formal appearance in this court, and the dissolution of a firm need not abate suits by or against it, *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185-86 (7th Cir. 1980), since "the dissolved corporation might have a successor that could be substituted for it and the suit continue." *BondPro Corp. v. Siemens Power Generation, Inc.*, 463 F.3d 702, 705 (7th Cir. 2006). Old Ben, however, as we'll see, has no successor.

In 2004, a bankruptcy judge ordered the liquidation of Old Ben together with its parent, Horizon Natural Resources Company. But the order states that pending black lung claims against the debtors in the bankruptcy proceeding, including Old Ben, "shall not be dismissed but instead, allowed to proceed to final adjudication with the applicable debtors as parties. Finally adjudicated claims that result in benefit awards will not be enforced against the Debtors but rather will form the basis for collection from any other responsible parties therefore, including without limitation, the Debtors['] sureties under the [black lung statute]." *In re Horizon Natural Resources Co.*, No. 02-14261, slip op. at 44-45 (Bankr. E.D. Ky. Sept. 16, 2004). That was a confusing order. Old Ben was liquidated

and no successor designated; and because suits against it were allowed to proceed only outside the bankruptcy court, claimants could not satisfy their claims out of assets of the debtors' estates in bankruptcy. But although the bankruptcy proceeding is not yet closed, apparently there are no assets.

Several months after the bankruptcy court's order, while the Melvin case was pending before the Benefits Review Board, Greenberg Traurig LLP, the law firm that had represented Old Ben in that case, withdrew as counsel. But after the Board affirmed the award of benefits, the firm filed a motion for reconsideration, and, after that was denied, filed the petition for review in this court, filed briefs, and appeared at argument. It never filed a formal appearance in this court, but none was required. 7th Cir. R. 3(d). What was strange was the representation of a company that no longer had any palpable existence or successor.

In the reply that we ordered, Greenberg Traurig argues that the bankruptcy judge's order "preserved Melvin's claim against Old Ben." That is not precise. Mrs. Melvin seeks nothing from Old Ben, which indeed has nothing that it could give her or anyone else. She *had* a claim against Old Ben, but because of Old Ben's bankruptcy the claim has been paid by the Department of Labor out of the Black Lung Disability Trust Fund, which backstops employer liability to miners disabled by black lung disease. 26 U.S.C. §§ 9501(a), (d); Allen R. Prunty & Mark E. Solomons, "The Federal Black Lung Program: Its Evolution and Current Issues," 91 *W. Va. L. Rev.* 665 (1989).

The Labor Department is not seeking anything from Old Ben either. Old Ben has nothing—any doubt on that score having been dispelled by the bankruptcy court's action in

cutting Old Ben free from the bankruptcy proceeding, implying that the company has no assets that a bankruptcy trustee might seek to preserve against black lung claimants or any other claimants or creditors of Old Ben or its equally defunct parent, Horizon. Old Ben has no possible stake in this litigation. It is therefore not a real party in interest, which is to say a party that has a legally protectable interest in the outcome of the suit. It is a party in name only.

The only entities with any possible interest in upending the award of benefits to Mrs. Melvin, it turns out, are B-P America and St. Paul Travelers Insurance Company. Once upon a time, Horizon (Old Ben's parent) was owned by Standard Oil of Indiana, which was later acquired by B-P America. Old Ben tells us that pursuant to 30 U.S.C. § 934(b)(1), the Department of Labor may try to recover the amount of the benefits that it has paid to Mrs. Melvin from St. Paul, which had issued a surety bond to Standard Oil. We add that the Department could do so only if B-P America (as Standard Oil's successor) is liable to the Department, since a surety's liability is derivative from the liability of the beneficiary of the surety's bond.

So Greenberg Traurig is pursuing this case on the off-chance that a nonparty, B-P America or the St. Paul insurance company, may be liable to the Department of Labor, which though named as a respondent in the petition for review has not filed a brief. It was the Department that awarded Melvin the benefits that Greenberg Traurig is challenging, and it is content to allow Mrs. Melvin's lawyer to defend the award. The Department may want to obtain reimbursement of those benefits from B-P or St. Paul, and conceivably that possibility might have enabled either of those companies or both to intervene. But neither has tried to intervene either in this proceeding or

in the administrative proceeding, as it could have done. Any entity, such as an insurance company or a surety, that would be prejudiced by an award of black lung benefits is entitled to intervene in the administrative proceeding with the rights of a party. 20 C.F.R. §§ 725.360(a)(4), (d). It can seek intervention in this court as well. Fed. R. App. P. 15(d). Had B-P America or the St. Paul insurance company a sufficient stake in the litigation to be entitled to participate as a party, it should have sought party status. Neither company has done so and therefore neither is a party. The only entity seeking to invoke our jurisdiction, namely the ghost of Old Ben, cannot do so, as it has nothing to lose or gain.

Greenberg Traurig acknowledges that it is being paid by B-P America and St. Paul. It says, "There is nothing unusual or legally suspect for potentially responsible parties to hire attorneys to defend their interests." Indeed not. But if X has nothing to gain from winning a suit, it cannot sue even if Y is paying a lawyer to defend Y's interest in the outcome of X's suit. The existence of that interest does not make X, which in this case is Old Ben, a real party in interest. Y would have to intervene if it wanted to protect its interest. It could not protect that interest by directing its lawyer to represent a named party that was not a real party in interest.

DISMISSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—1-25-07