NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided July 14, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2508

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17-CV-119-JEM |
| 2014 NISSAN ALTIMA 2.5L VIN 1N4AL3AP9EC195679, *Defendant* | John E. Martin, *Magistrate Judge*. |

APPEAL OF ENEDEO RODRIGUEZ, JR.,
  *Claimant.*

## O R D E R

A year after the civil forfeiture and judicial sale of a car that Luis Jacquez used in his drug-trafficking business, Enedeo Rodriguez, Jr., attempted to claim the car as his own or his company's. Rodriguez alleged that Jacquez was innocently using the car,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

which Rodriguez's salvage company owned, and that the government should have notified him of the forfeiture proceedings under Federal Rule of Civil Procedure G. He moved for relief from the judgment, as permitted by 18 U.S.C. § 1963(*l*)(2), but the district court denied the motion. Because Rodriguez could not claim the car on behalf of his company and did not prove that he had a personal interest of which the government should have been aware, we affirm.

In 2016, both Jacquez and Rodriguez were convicted of state charges related to trafficking methamphetamine. See *Jacquez v. Indiana*, 140 N.E. 885 (Ind. Ct. App. 2020); *Rodriguez v. Indiana*, 102 N.E.3d 942 (Ind. Ct. App. 2018). Property used in drug trafficking is subject to forfeiture. 21 U.S.C. §§ 841(a); 881(a). The government accordingly seized the silver 2014 Nissan Altima that Jacquez admitted using during his offenses. Jacquez swore that he owned the car, and he came to a forfeiture agreement with the government in 2019. The government then sent direct notice to a potential claimant whom Jacquez had named, see FED. R. CIV. P. G(4)(b), and it listed the car at www.forfeiture.gov for 30 days, see FED. R. CIV. P. G(4)(a). It did not furnish Rodriguez or his salvage company, RnR Auto Sales, Inc., with direct notice. No claimants came forward, and so on February 25, 2019, the district court entered an agreed judgment between the government and Jacquez and authorized a judicial sale. One year later, Rodriguez filed a motion for the return of the Altima, asserting that his (now defunct) company was the "rightful owner" and that the government should have notified him before seizing the car.

The district court construed Rodriguez's filing as a belated motion to intervene and for relief from the judgment against the car, see 18 U.S.C. § 1963(*l*)(2), and ordered briefing on whether, during the claims period, Rodriguez had a property interest in the car "as against those who were in possession … and conceded [its] forfeiture," of which the government should have been aware. *United States v. Bowser*, 834 F.3d 780, 785 (7th Cir. 2016). After receiving further evidence and reviewing the arguments, the district court denied Rodriguez's motion. It concluded that the government had made adequate efforts identify potential claimants, and there was no evidence that Rodriguez himself had a "legal right, title, or interest" in the car, as § 1963(*l*)(6)(A) requires. (Subsection (*l*)(6)(B), which relates to bona fide purchasers, does not apply here.)

On appeal, Rodriguez challenges the district court's rejection of his claim, which he now raises exclusively on behalf of RnR. He argues that he demonstrated standing under Rule G, and, in the alternative, that the court should have permitted additional discovery for him to prove an interest in the car. We consider *de novo* the district court's legal determination that Rodriguez lacked standing to assert a claim to the car on his or

his company's behalf. See *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 642 (7th Cir. 2015).

Rodriguez did not assert an interest in the car while the forfeiture action was pending, see FED. R. CIV. P. G(5)(a)(ii), and therefore "was not party to the action." *United States v. 8136 S. Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). But Rodriguez's motion alleged that documents in the car's glove compartment showed that RnR was its owner. If a preponderance of the evidence had demonstrated that the company's interest in the car was superior to Jacquez's, the court would have had to amend the forfeiture order. See 18 U.S.C. § 1963(*l*)(6)(A). It was therefore appropriate for the district court to, in effect, allow Rodriguez to intervene and try to demonstrate such an interest.

With the benefit of the additional briefing and discovery the court allowed, we are satisfied that the court properly denied relief. There was no evidence either that Rodriguez had a personal interest in the car or that he had standing to represent his company's alleged interest. See *Bowser*, 834 F.3d at 785. While discovery revealed a bill of sale naming RnR as the car's buyer, Indiana law recognizes only title as facial evidence of ownership. See Ind. Code § 34-40-4-1. See *Ambassador Fin. Servs., Inc. v. Indiana Nat. Bank*, 605 N.E.2d 746, 750 (Ind. 1992) (bill of sale does not prove a transaction was completed). Rodriguez never produced any title document. Moreover, Rodriguez failed to allege, and produced no evidence, that he was the successor in interest to his company. See *Old Ben Coal Co. v. Off. of Workers' Comp. Programs*, 476 F.3d 418, 419 (7th Cir. 2007). Thus, even if we were to assume that the documents in the glove compartment were sufficient to alert the government to RnR's potential interest in the car, that would make no difference, since Rodriguez was not entitled to represent the company in this respect.

The government produced Jacquez's sworn statement of ownership, records of its interviews with the car salesman who sold Jacquez the car, and CarFax and VIN vehicle history reports. The license plates and registration information showed that the car had belonged to three different people, but no source referred to Rodriguez or his company, and no title certificate was found in the car or among Jacquez's belongings naming Rodriguez or his company.

Finally, the district court properly denied Rodriguez's requests for additional discovery to prove his company's interest, on the ground that as a *pro se* litigant he was not authorized to represent a business entity. See *Old Ben*, 476 F.3d at 418–19. For all these reasons, we AFFIRM the judgment.